# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID GIPSON, | Case No. 1:22-CV-764 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| HAMILTON COUNTY COURT OF COMMON PLEAS, et al., | **OPINION & ORDER** |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report & Recommendation ("R&R") of June 15, 2023. (Doc. 32). Proper notice was afforded to the parties, *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); Fed. R. Civ. P. 72(b), and Plaintiff David Gipson has timely objected, (Doc. 33).

Gipson, proceeding pro se, brought the underlying civil rights claims against the Hamilton County Court of Common Pleas, the Hamilton County Sheriff's Office, and several county judges and law enforcement officers. Gipson's claims are difficult to follow at times, but appear to all stem from an interaction in which he was prevented from using an electronic recording device within the courthouse and subsequently held in contempt of court.

After Gipson sought a preliminary injunction and the judicial defendants—Judges Robert Ruehlman, Thomas Heekin, Jody Leubbers, and Terrence Nestor—moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which

1

relief can be granted, the Magistrate Judge conducted a thorough review and recommended that (1) Gipson's complaint be dismissed as to the Hamilton County Court of Common Pleas because that entity is not *sui juris*; (2) the First Amendment claim against the judicial defendants be dismissed on the basis of qualified immunity; (3) the Fourth Amendment search-and-seizure claim against the judicial defendants be dismissed for failure to sufficiently allege the violation of a constitutional right; (4) the Fourth Amendment unlawful imprisonment claim against Heekin, Leubbers, and Nestor be dismissed for failure to allege the violation of a constitutional right; (5) the Fourth Amendment unlawful imprisonment claim against Ruehlman be dismissed on the bases of judicial immunity and the *Rooker-Feldman*[1] doctrine; (6) the Fifth, Sixth, Eighth, and Fourteenth Amendment claims against the judicial defendants be dismissed for failure to allege the violation of a constitutional right; (7) the 42 U.S.C. §§ 1983 and 12203 claims against the judicial defendants be dismissed for failure to state a claim; (8) the state law claims against Ruehlman be dismissed on the basis of judicial immunity; and (9) Gipson should not be granted injunctive relief, declaratory relief, punitive damages, or prevailing party attorney fees.

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b). However, the Court "need

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

First, Gipson offers no explanation behind his request for leave to file a 1,000-page response, aside from a vague statement that the R&R was "to[o] broad." (Doc. 33, PageID 1365). His request is therefore denied. *See* S.D. Ohio Civ. R. 7.2(a)(3) (denoting a preference that legal memoranda not exceed twenty pages and providing that judges may impose page limitations in any action by standing order).

As for the operative issues at hand, Gipson continues to reiterate his allegations that, among other things, the judicial defendants lacked jurisdiction over him, committed fraud, breached a duty of good faith, and used a "sham legal process." And although Gipson cites broadly to numerous statutory provisions and legal authorities, he fails to explain their relevance or applicability. Most notably, Gipson fails entirely to address the Magistrate Judge's legal reasoning or otherwise put forth any meaningful, non-frivolous objections to the thorough and well-reasoned R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."); *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of a magistrate's report has the same effects as would a failure to object.").

Therefore, after careful review pursuant to Rule 72, the Court **OVERRULES** Gipson's objections, and **ACCEPTS** and **ADOPTS** the R&R in full for the reasons stated therein. In accordance with the R&R, it is hereby **ORDERED** that:

1. The judicial defendants' motion to dismiss, (Doc. 11), is **GRANTED**; and

2. Gipson's motion for injunctive relief, (Doc. 23), is **DENIED**.

All remaining claims will proceed in due course.

**IT IS SO ORDERED.**

                                                                                                 /s/ Michael R. Barrett
                                                                            Michael R. Barrett, Judge
                                                                            United States District Court